IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


BROOK ROGERS                                                                                    PLAINTIFF


V.                              CASE NO.  4:09CV00181 JMM


SOUTHWESTERN BELL TELEPHONE CO.
AND COMMUNICATIONS WORKERS OF AMERICA                           DEFENDANTS


ORDER

Pending before the Court are defendant Southwestern Bell Telephone Company's ("SWB") Motion for Summary Judgment, defendant Communications Workers of America AFL-CIO's ("CWA") Motion for Summary Judgment, plaintiff's Motion for Summary Judgment on Counterclaim, and plaintiff's Motion to Strike Reply to Response to Motion for Summary Judgment.  All parties have filed responses and replies.  For the reasons stated below, the defendants's Motions for Summary Judgment are granted (#19 and #22), plaintiff's Motion for Summary Judgment on SWB's Counterclaim is dismissed without prejudice (#15), and plaintiff's Motion to Strike is denied as moot (#40).

Plaintiff filed his complaint on January 12, 2009, alleging a "hybrid" claim against his former employer, SWB, and his former union, CWA, contending that (1) CWA breached a duty of fair representation; (2) SWB wrongfully suspended, and subsequently, terminated his employment without "just cause" in violation of CWA's and SWB's collective bargaining agreement ("the "CBA"); (3) CWA improperly handled his severance pay grievance ("severance

grievance"); and (4) he was denied his right to appeal the CWA's Executive Board's decision not to arbitrate.

SWB filed a counterclaim on March 18, 2009, alleging that on December 5, 2007, and on one or more other occasions, plaintiff committed the tort of conversion by taking and wrongfully possessing for his personal use, without permission or authorization, the personal property of SWB.

Plaintiff filed a Motion for Summary Judgment on the counterclaim contending the conversion claims based upon items he allegedly removed more than five years ago are barred by Arkansas's statute of limitations and that SWB had abandoned the remaining items which would preclude any finding of conversion.

SWB filed a Motion for Summary Judgment contending that plaintiff failed to establish that CWA breached its duty of fair representation, as is required on a hybrid claim and that even if plaintiff could prove that CWA breached its duty, plaintiff cannot establish a claim of wrongful discharge.

CWA filed its Motion for Summary Judgment contending that plaintiff has failed to show that it breached its duty of fair representation because he failed to establish that CWA's conduct was arbitrary, discriminatory or in bad faith. CWA contends that the alleged conduct regarding the severance grievance was negligence at best, plaintiff was not prejudiced by the handling of the severance grievance, and plaintiff's claims concerning the severance grievance are time-barred. Finally CWA contends that plaintiff was not entitled to appeal his case once it was rejected by CWA's Executive Board.

Plaintiff filed his Motion to Strike Affidavit or in the Alternative to Permit Submission of Additional Evidence on December 4, 2009, contending that the affidavit of Robert Ellis attached to SWB's Reply to Plaintiff's Response to Motion for Summary Judgment raises new and different issues.

I. *Facts*

Plaintiff began working for SWB on June 1, 1993, and was terminated on December 17, 2007, for violating SWB's Code of Business Conduct ("the Code") provisions. In either October or November of 2007, plaintiff removed a terminal block, as instructed by SWB, from SWB's physical plant. Plaintiff kept the terminal block in his company truck for a number of weeks after he removed it. On December 5, 2007, while he was attempting to place the terminal block wrapped in a plastic bag in his personal vehicle, plaintiff was stopped by his manager who told him that there would be a meeting regarding his actions.

SWB required plaintiff to throw away old physical plant items, and plaintiff's normal practice was to follow this requirement; however, in this instance, he did not. Plaintiff intended to use the terminal block in his home. Plaintiff did not specifically ask his supervisor if he could take the terminal block home. Plaintiff testified that his supervisor, Karen Brogan, had previously given him permission to take trash home.

Plaintiff testified that he concluded that the terminal block was trash based on his number of years as a technician and his observations of other technicians throwing terminal blocks away.

Prior to the incident, plaintiff was told my Area Manager Bob Ellis not to take items from the SWB dumpster for safety reasons. Plaintiff had previously been placed on a final warning by SWB on March 6, 2007, due to an accident that resulted from his failure to comply with SWB

safety procedures.

The Code states that fraudulent or illegal conduct, which includes theft, is a basis for dismissal. The Code also prohibits the unauthorized use of SWB's property, states that such property should not be disposed of without authorization regardless of its condition, or value, and that misuse of SWB's property is a basis for termination.

The CBA permits arbitration of the dismissal of an employee with one year of service if the termination was without just cause. The CBA also contains a severance clause that requires SWB to pay employees severance pay except when the employee is terminated for misconduct. The separation proposal prepared by SWB states that plaintiff was ineligible for severance pay due to misconduct.

The CWA local in Little Rock filed a suspension and termination grievance ("termination grievance") on plaintiff's behalf. Dianne Wiggs, the President of the CWA Local 6508 investigated the termination grievance through January 7, 2008. CWA representatives met approximately two weeks later with SWB representatives for a hearing on plaintiff's grievance which was ultimately denied.

On January 18, 2008, the plaintiff filed his severance grievance contending that SWB had wrongly fired him for theft, denied him severance pay, and that if he did not get his job back, he was entitled to severance pay.

CWA Staff Representative Bill Wildoner sent plaintiff a copy of a settlement agreement in March of 2008 which listed as a term of settlement that plaintiff would withdraw the grievance numbered 08.NO.85.07 and the grievance numbered 08.NO06.08. Plaintiff rejected the settlement offer. On April 1, 2008, Wildoner sent plaintiff a letter advising him that when he

4

failed to accept the settlement offer, SWB had denied his grievance. The letter referenced plaintiff's grievance numbered 08.NO.85.07 and stated that after reviewing the information contained in the file, Wildoner was not going to recommend plaintiff's *case* for arbitration and advised him of his right to appeal Wildoner's decision. (emphasis added).

The April 1, 2008 letter specifically stated:

I am not going to recommend this case for arbitration for the following reasons:

- You did admit to taking Company property as it relates to the terminal in question in which you advised the Company you were going to use at home.

- The Company has held previous discussions relating to taking Company property out of the Company dumpster for personal use.

- You admitted to the Company that you have been covered with the Code of Business Conduct, which states in partial part that you are not allowed to take Company property, without the Company's permission.

On May 16, 2008, CWA Vice President Andy Milburn informed Wildoner of the Arbitration Review Panel's decision not to recommend plaintiff's grievance for arbitration.

Plaintiff appealed the decision not to arbitrate to CWA President Larry Cohen. In a letter dated July 10, 2008, CWA President Larry Cohen wrote a letter to plaintiff upholding the CWA's decision not to arbitrate plaintiff's grievance. In his letter, Cohn stated that based upon plaintiff's admission that he was taking the terminal block to his truck, there was little, if any, likelihood that an arbitrator would sustain the grievance and overturn plaintiff's termination. The letter also stated that in a

> previous (2002) arbitration between the CWA and the company, an arbitrator said, "taking any property from the Company without authorization is a violation of the

trust the Company must have in its employee." The property at issue in that case was paper towels and the employee's discharge was upheld. That arbitrator said it did not matter if taking an item was common practice or if the item taken was of small value. Another arbitrator would surely consider this prior decision involving the parties.

Plaintiff appealed the CWA's decision to the Executive Board and the CWA's Executive Board upheld the decision.

Plaintiff had a telephone conversation with Wildoner in December of 2008 concerning plaintiff's severance grievance. In this conversation, which plaintiff recorded, plaintiff stated that he believed his severance grievance had not been addressed by CWA. Wildoner responded that the termination and the severance grievances had been combined throughout the process, and that the decision not to arbitrate applied to both grievances.

Barbara Copeland as president of the local chapter of CWA filed an appeal of the Executive Board's decision to CWA's Convention on December 7, 2008. Jeff Rechenbach who is the Secretary Treasurer of CWA subsequently informed Copeland that CWA had clarified the Union Constitution in December of 2006 to explain that CWA local unions could not appeal a decision to the Convention if the employee, as opposed to the local, had initiated the appeal process at the local level.

II. *Analysis*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Where a motion for summary judgment is properly made and supported an opposing party must set forth specific facts showing a genuine issue for trial. *See* Fed.R.Civ.P. 56(e)(2).

    A. *SWB's and CWA's Motions for Summary Judgment*

> To prevail in a hybrid action, the employee must first prove the union breached its duty of fair representation. *See Barlow v. Am. Nat'l Can Co.*, 173 F.3d 640, 642 (8th Cir.1999); *Moore v. United States Postal Serv.*, 992 F.2d 180, 181 (8th Cir.1993). "A union will be found to have breached its duty of fair representation only when its 'conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.' " *Buford v. Runyon*, 160 F.3d 1199, 1202 (8th Cir.1998), quoting *Vaca*, 386 U.S. at 190, 87 S.Ct. 903.
>     A union's conduct is arbitrary if, "considering all the circumstances at the time of the union's action or inaction, 'the union's behavior is so far outside a wide range of reasonableness as to be irrational.' " *Smith v. United Parcel Service, Inc.*, 96 F.3d 1066, 1068-69 (8th Cir.1996), quoting *Beavers v. United Paperworkers Int'l Union, Local 1741*, 72 F.3d 97, 100 (8th Cir.1995). "Any substantive examination of a union's performance...must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 78, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). "Mere negligence, poor judgment, or ineptitude on the part of the union is insufficient to establish a breach of the duty of fair representation." *Stevens v. Teamsters Local 600*, 794 F.2d 376, 378 (8th Cir.1986) (citations omitted).

*Cross v. United Auto Workers, Local 1762*, 450 F.3d 844, 847 (8th Cir. 2006). The parties agree that the above is a correct statement of the law and that plaintiff has presented a hybrid claim.

    The fundamental question presented by both SWB and CWA is whether CWA's conduct was arbitrary, discriminatory, or in bad faith. To survive a motion for summary judgment on the issue of bad faith, plaintiff must demonstrate fraud, deceitful action, or dishonest conduct by the CWA. *Baxter v. United Paperworkers Int'l Union, Local 7370,* 140 F.3d 745, 747 (8th Cir. 1998). To prove arbitrariness, plaintiff must present facts to show CBA's conduct was irrational.

7

*See Id.*

Plaintiff has failed to establish that the CWA acted in an arbitrary, discriminatory, or bad faith manner.[1]

It is not contested that CWA investigated the local chapter's submission of the termination grievance and the decision was made not to go forward with either of plaintiff's grievances by the CWA. Plaintiff contends that these decisions were in error, making them arbitrary or in bad faith, because he was wrongfully suspended and terminated. He contends that he did nothing wrong because he did not need express permission to take the terminal block home for personal use based upon his testimony that his manager had previously told him he could take trash home.

The CWA's decision not to go forward with plaintiff's grievance was based upon plaintiff's statement that he did not have express permission to take the terminal block home and a previous arbitrator's decision. CWA's decision is a reasonable decision under these circumstances. Plaintiff may have had authorization to take trash home, but there is no evidence that he had authorization to make the decision whether an item was trash or that he should not follow company procedure and place all trash in the company dumpster from which he was forbidden to remove items.

Nothing in the CWA's investigation process or decision can be said to be so far outside a wide range of reasonableness as to be irrational or demonstrate fraud, deceitful actions, or dishonest conduct by the CWA.

---

[1] While plaintiff did raise a discrimination argument in the affidavit filed with the National Labor Relations Board dated February 22, 2008, he does not raise a discrimination claim in this lawsuit.

Likewise, CWA was not arbitrary, nor did it act in bad faith, in regard to plaintiff's severance grievance. Wildoner consolidated plaintiff's grievances and negotiated a proposed settlement which on its face indicates it would have resolved both grievances. Thus the record is clear that by the time Wildoner began negotiating a settlement for plaintiff the grievances were consolidated. Even if Wildoner did not adequately give notification of the consolidation, as argued by plaintiff, this failure would amount to mere negligence which does not amount to irrational actions on the part of CWA. *See Jones v. United Parcel Service, Inc.*, 461 F.3d 982, 994 (8th Cir. 2006) ("Mere negligence, poor judgment, or ineptitude by a union is insufficient to establish a breach of the duty of fair representation.") (citation omitted).

Plaintiff contends that the recorded conversation he had with Wildoner in December of 2008 establishes bad faith on the part of CWA for failing to address his severance pay grievance. However there is nothing in that conversation from which a jury could reasonably find that Wildoner had committed anything beyond negligence, poor judgment or ineptitude.

Because there has been no breach of CWA's duty of fair representation, there is no need to reach the question of whether plaintiff was prejudiced by the CWA's actions. *See Hellums v. Quaker Oats Company*, 760 F.2d 202, 204 (8th Cir. 1985) (Court did not address question of prejudice because it found union did not breach duty of fair representation). Even if the Court were to address the issue, it would find that plaintiff's arguments are without merit.

Contrary to plaintiff's arguments, the issues in the severance grievance and the issues in the termination grievance are essentially the same. By assuming that plaintiff would have prevailed on the severance grievance, one would have to assume that he would have also succeeded on the termination grievance. That being the case, he would have been reinstated and

9

received back pay which is more than he would have received if he had been successful on the severance grievance. Thus, plaintiff was not prejudiced by the CWA's handling of the severance grievance.

Plaintiff's claim based upon his severance grievance is also barred by the six-month statute of limitations applicable to duty of fair representation claims. *See Barlow v. Am. Nat'l Can Co.*, 173 F.3d 640, 642 (8th Cir.1999) (hybrid § 301 action governed by 6-month statute of limitations; filing period begins to run against employer and union when grievance is rejected or union decides not to pursue it).

The record reflects that the settlement offer which referred to two grievances and Wildoner's letter of April 1, 2008, which, while not the model of clarity, refers to plaintiff's "case" which should have put plaintiff on notice that both his grievances had been rejected by the Union. Plaintiff did not raise the issue of the severance grievance as a separate claim until his conversation with Wildoner in December of 2008 and did not file suit until January of 2009. Both of these dates are more than six months after April 1, 2008.

Plaintiff's argument that he was denied appeal rights is also without merit. It is undisputed that the Executive Board issued a clarification of the appeals procedure during its meeting on December 13 and 14, 2006, which was approved by the Executive Board on January 24, 2007, and issued by the Executive Board on January 25, 2007. The Court of Appeals has held that absent bad faith, courts are to defer to the union's interpretation of its own constitution provided that interpretation is reasonable and not contrary to the constitution's express language. *See Allen v. United Transp. Union*, 964 F.2d 818, 821 (8th Cir. 1992).

Here, the Executive Board's intent was to provide employees who appeal their cases themselves with finality once the Executive Board had made its decision. This clarification did not in any manner prohibit the CWA local chapter from appealing a local Vice President's decision if the local had initiated the appeal process. This clarification is not contrary to the express language of the CWA constitution.

Plaintiff's Motion to Strike is dismissed as moot as the Court's decision is based upon plaintiff's own testimony that he made the decision that the terminal block was trash, that he would not place the trash in SWB's dumpster, and that he knew he was not allowed to retrieve items from SWB's dumpster for safety reasons.

Because the CWA is entitled to summary judgment on the fair-representation claim, summary judgment is also warranted on SWB's summary judgment motion.

Finally, this case was removed to federal court pursuant to 28 U.S.C. § 1441(c) based upon the Court's original jurisdiction over the claims pursuant to Section 301 of the Labor-Management Relations Act. Because the removal was based upon original jurisdiction, the Court declines to exercise its supplemental jurisdiction over SWB's counterclaim based upon state claims of conversion. *See* 28 U.S.C. § 1367(c)(3), ("court may 'decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction.'").

III. *Conclusion*

Plaintiff's claims against defendants are dismissed with plaintiff's state law claims being dismissed without prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED THIS   15   day of  January , 2010.

                                                      James M. Moody
                                                      United States District Judge